As I differ with the learned Judge ad hoc in his analysis of the testimony from which he concluded that the accident was caused solely by the negligence of the defendant, Robert H. Smith, driver of the Chrysler car, I find myself constrained to hand down this concurring opinion.
I have concluded that it is utterly impossible to reconcile the two versions of how the accident took place as given by the plaintiffs and by the defendant Smith. There is, in my opinion, as great an improbability that it happened as the plaintiffs say it did as in the manner related by Smith. The location of the point on the highway where the impact took place makes it difficult, if not impossible, to accept either side's version as conclusive. The position of the two cars after the impact, which it appears from the testimony, was the same as at the moment of impact, tends to support the view that neither driver can be said to have been entirely free of negligence in meeting the situation with which they were confronted and in this respect I have to state that I am not in accord with the finding of the district judge who places the entire blame on Smith, who he says, drove from his lane of travel right over to and across the center stripe in the pavement and crashed into the Dodge Sedan.
Smith, in my opinion, was negligent in the manner of handling his car after he became aware that the driver of the Dodge Sedan was making some unusual maneuver on the highway. According to his own testimony he observed that the driver of that car was making a left hand turn in the middle of the highway at a moment when he was some seventy-five to one hundred twenty-five feet away from him. Conceding that he was not going more than fifty miles an hour at that moment, he took no further precaution than to slow down his rate of speed to approximately thirty miles. True, he says, it was only when he was about thirty feet from the Dodge car that the driver suddenly swerved back to his right and it was then too late for him to avoid running into him. I believe however in view of the fact that he was driving by the headlights of his automobile and that undoubtedly he must have experienced some confusion by reason of the movements of the other car since he says himself he did not know what the driver was going to do that he should have taken greater precaution than he did by merely reducing his speed to thirty miles when he was still from seventy-five to one hundred and twenty-five feet away from it. He was negligent in not bringing his car under greater control at that moment so as to be able to stop it when the danger became imminent at the moment he was thirty feet away from the Dodge car. Besides, he seems to have made no effort at that time to pass on either side of the Dodge car although it appears that he had ample room to do so on both sides. He gives as an excuse for continuing on as he did that he thought the Dodge car was turning to the left to enter an intersecting road or probably park on the wide shoulder on that side of the highway, but under the modern trend of jurisprudence construing the doctrine of last clear chance or discovered peril, beginning with the case of Rottman v. Beverly, 183 La. 947, 165 So. 153, he had no right to indulge in any such assumption. He was faced with a fact, not a theory, and he had to act in face of the fact as it was presented to him. *Page 918 
Smith's negligence, however, in my opinion, was not the sole and only cause of the accident for, as I have already stated, I think that the driver of the Dodge car was also to blame as he and the other witnesses for plaintiffs have not convinced me that he did not drive across and over the center stripe in the pavement and that the left wheels of his car occupied a few inches on the left of that stripe when it was struck. His own signed statement given to the Adjuster for the insurance company can hardly be construed as anything but an admission to that effect and it is in a great measure supported by his oral statement to the State Police Officer who investigated the accident two or three days after it had occurred.
I have concluded that both drivers were at fault and that their combined negligence produced and caused the accident. In the cases now before the Court the negligence of the driver Vaughn is of importance in its relation to the plaintiffs only if it can be imputed to any or all of them. If it is not and they are not shown to have been independently negligent themselves they of course can recover from the defendants because of Smith's own negligence.
It is charged that they were negligent in riding in the car in an intoxicated condition and in having consented to ride in a car with a drunken driver. It is also alleged that they consented to a fast and reckless rate of speed but the important charge, as I view it, is the one regarding intoxication.
On this point I am convinced that the preponderance of the testimony is to the effect that these darkies had spirituous liquor in the car and that they had partaken of some of it. I am not convinced however that they drank to excess and to the point where they did not know and appreciate what was going on. I believe that their actions as described by Judge Janvier and the other witnesses, right after the accident, was the result of their being stunned more than anything else and I am satisfied that what drinking they had indulged in had nothing to do with their being injured in the accident.
As far as the driver himself is concerned, the testimony of Dr. E.P. Feutch who examined him closely following the accident favors his testimony that certainly he had not drank to any excess. My idea is that for a guest to be guilty of contributory negligence for entering a car with a drunken driver it must appear that the latter was so intoxicated that his condition would become reasonably apparent on observation. It would show in his manner of speech, of gesture and of conduct in what he was doing and I do not believe that there has been anything shown in the conduct of the driver of this car which would have given rise to any apprehension to the other parties in the car with him that he was under the influence of intoxicating liquor to the extent where he could not safely and competently handle the automobile. It is a matter of more or less common knowledge that the Air-line Highway, especially from New Orleans to Laplace is very much traveled and especially so on Saturday nights and as far as this record shows the driver of the Dodge car seems to have experienced no difficulty in handling it up to the point of the accident. I find therefore that the defendants have not supported their plea of contributory negligence against the plaintiffs on this point.
Neither do I believe, as held in the opinion of the Judge ad hoc, that the driver's negligence is imputable to the plaintiff, Nicholas January, out of any relation of agency as contended existed between them by the defendants, for the simple reason that no such relation has been shown to exist.
As otherwise, I find myself in complete accord with the opinion of the learned Judge ad hoc I concur in the decree handed down by him in this case as well as in the companion cases referred to therein. *Page 919